IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC WEINSTEIN, an individual, on behalf of himself and all others similarly situated, | : CIVIL ACTION<br>:<br>: NO. 07-2880 |
| Plaintiff, | : |
| v. | : |
| AT&T MOBILITY CORPORATION, | : |
| Defendant. | : |

## MEMORANDUM

BUCKWALTER, S.J.                                                                                             April 30, 2008

        Presently before the Court are Defendant AT&T Mobility Corp.'s (ATTM) Motion to Compel Arbitration Pursuant to the Federal Arbitration Act (Docket No. 10), Plaintiff Weinstein's Response thereto (Docket No. 16), and Defendant ATTM's Reply (Docket No. 18). For the reasons stated below, Defendant's Motion to Compel is GRANTED and the action is STAYED pending arbitration.

**I.  BACKGROUND**

        On December 22, 2006, Plaintiff entered into a Wireless Service Agreement with ATTM[1] in which he purchased three cellular phones and signed up for two years of service. (Pl.'s Response 1.)  The service agreement signed by Plaintiff expressly incorporated and included by reference a "Terms of Service" booklet, which Plaintiff also received at this time.

---

1. Plaintiff's actual service agreement was made with Cingular Wireless LLC, but following a series of mergers and acquisitions, Cingular Wireless LLC was renamed AT&T Mobility LLC on January 8, 2007.  (Def.'s Motion to Compel Arbitration 3 n.2.)

(Def.'s Mot. Compel Arbitration 3, Ex. 10.)  Within the "Terms of Service" booklet was an arbitration clause, where ATTM and Plaintiff agreed to "arbitrate all disputes and claims . . . arising out of or relating to this Agreement . . . for Equipment or services" between ATTM and Plaintiff.  (Id., Ex. 11, at 10.)  Also included in the arbitration agreement was a provision requiring that arbitration be conducted on an individual, and not a class-wide, basis.  (Id. at 4, Ex. 11, at 11.)

Plaintiff later received a revised arbitration provision as a part of his December 26, 2006 bill from ATTM.  (Def.'s Motion to Compel Arbitration 4.)  The new provision replaced the language "Equipment or services" from the original arbitration agreement with "all disputes."  (Pl.'s Response 5.)

As a result of entering into the Wireless Service Agreement with ATTM, Plaintiff was eligible for a $130 rebate from ATTM in the form of a Reward Card.  (Id. at 1.)  After completing the required rebate forms, Plaintiff received two $50 Reward Cards and one $30 Reward Card.  (Id.)  While Plaintiff was aware that the rebate would be distributed in this form, he alleges it was not disclosed that certain limitations and restrictions would apply.  (Id. at 2.)

Plaintiff thereafter discovered that these cards could only be used at locations accepting Visa, and could not be used for cash withdrawals.  (Id. at 1.)  Furthermore, Plaintiff learned that to use the entire value of a Reward Card, the exact balance must be charged.  (Id.)  In other words, the Reward Card could not be used for a purchase that exceeded the value of the card (with the overage to be paid by the purchaser in some other fashion).  (Id.)  The Reward Cards also contained an expiration date, after which any remaining balance on the card would be

lost. (Id.) Plaintiff received his Reward Cards in March 2007, and the cards contained an expiration date of May 2007. (Id.)

Plaintiff initiated the present cause of action, on behalf of himself and other similarly situated, claiming unjust enrichment, breach of contract, and violations of the Georgia Consumer Protection Act; and seeking damages as well as changes to ATTM's rebate policies. Defendant ATTM filed the present motion seeking to compel arbitration.

## II. STANDARD OF REVIEW

Motions to compel arbitration are reviewed under the summary judgment standard set forth in Fed. R. Civ. P. 56(c). Bellevue Drug Co. v. Advance PCS, 333 F. Supp. 2d 318, 322 (E.D. Pa. 2004). "Therefore, movants must prove through 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . . that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)). The Court must consider all of the non-moving party's evidence and construe all reasonable inferences in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Versarge v. Twp. of Clinton N.J., 984 F.2d 1359, 1361 (3d Cir. 1993).

## III. DISCUSSION

As noted above, Defendant moves to enforce the arbitration agreement contained in the Wireless Service Agreement and compel Plaintiff to submit the current dispute to arbitration. Plaintiff responds that the Court should decline to compel arbitration on two grounds. First, he claims the scope of the arbitration agreement does not encompass the present

3

dispute. Second, he claims that the arbitration provision is unconscionable and thus void. The Court addresses each argument separately.

### A. Scope of the Arbitration Agreement

With regard to the scope of an arbitration agreement, "the FAA establishes a strong federal policy in favor of compelling arbitration over litigation." <u>Sandvik AB v. lAdvernt Int'l Corp.</u>, 220 F.3d 99, 104 (3d Cir. 2000). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . ." <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 626 (1985). An order compelling arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." <u>United Steelworkers of Am. v. Warrior & Gulf Navigation Co.</u>, 363 U.S. 574, 582-83 (1960). "Doubts should be resolved in favor of coverage." <u>Id.</u> at 583.

Plaintiff now contends that the original arbitration agreement, in which the language reads "all disputes and claims . . . arising out of or relating to this Agreement . . . for Equipment and services between [ATTM] and [Plaintiff]," does not encompass the present dispute because Reward Cards do not constitute equipment or services. (Pl.'s Response 3 (citing Def.'s Motion to Compel, Ex. 10, at 10.).) Plaintiff further asserts that he is not bound by the broader language of the revised arbitration clauses because the original clause contained a provision stating that "if [ATTM] makes any change to this arbitration provision . . . during your service Commitment, you may reject any such change and require [ATTM] to adhere to the language in this provision." (Pl.'s Response 3 (citing Def.'s Motion to Compel, Ex. 10, at 12.).) Finally, Plaintiff argues that there was no reference to the Terms of Service or arbitration clause

4

in either his application for the Reward Cards or in the letter accompanying the Reward Cards upon receipt.

Plaintiff's argument that the original arbitration agreement does not encompass the present dispute is without merit.[2]  As stated previously, the original arbitration agreement reads that ATTM and Plaintiff agree to "arbitrate all disputes and claims . . . arising out of or relating to this Agreement . . . for Equipment or services" between ATTM and Plaintiff.  (Def.'s Motion to Compel, Ex. 11 at 10.)   Although the Reward Cards themselves may not constitute equipment or services, the present dispute surrounding the Reward Cards does clearly arise out of or relate to Plaintiff's agreement with ATTM for wireless service.  The Reward Cards were offered as a rebate in exchange for Plaintiff signing up for wireless service.  The Third Circuit has expressly held that "when phrases such as 'arising under' and 'arising out of' appear in arbitration provisions, they are normally given broad construction."  Battaglia v. McKendry, 233 F.3d 720, 727 (3d Cir. 2000).  In light of such legal principles and the facts presented here, the arbitration agreement is sufficiently broad to encompass the present dispute, and Plaintiff is contractually obligated to arbitrate this dispute.

Likewise, Plaintiff's argument that there was no reference to the arbitration agreement in his application for the Reward Cards or the letter accompanying receipt of the Reward Cards is without merit.  By his own admission, Plaintiff became "eligible" for the rebate as a direct result of his cellular phone purchases and by contracting for two years of service.

---

2. For purposes of this argument, the Court accepts Plaintiff's contention that he is permitted to reject the revised arbitration agreements in accordance with the terms of the original arbitration agreement, as the Court finds that the original unmistakably encompasses the present dispute.

(Compl. ¶¶ 7-9.)  There is simply no basis for Plaintiff's claim that the arbitration agreement was not related to and does not encompass the present dispute.

### B. Validity of the Arbitration Agreement

In his second attempt to avoid arbitration, Plaintiff argues that the arbitration agreement is unconscionable and thus void.  Although the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-10, requires federal courts to enforce written arbitration agreements, "[a] court cannot direct parties to arbitration unless the agreement to arbitrate is valid."  Ostroff v. Alterra Healthcare Corp., 433 F. Supp. 2d 538, 541-42 (E.D. Pa. 2006) (citing Alexander v. Anthony Int'l, L.P., 341 F.3d 256, 264 (3d Cir. 2003)).  "Questions concerning the interpretation and construction of arbitration agreements are determined by reference to federal substantive law."  Harris v. Green Tree Fin. Corp., 183 F.3d 173, 179 (3d Cir. 1999) (citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983)).  Nonetheless, "[a]n agreement to arbitrate may be unenforceable based on a generally applicable contractual defense, such as unconscionability."  Alexander, 341 F.3d at 264.  State law contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2 [of the FAA] so long as they are applied generally to all contracts, and not just to arbitration clauses.  Ostroff, 433 F. Supp. 2d at 542.

"Under Pennsylvania law, there must be both procedural and substantive unconscionability in order to void an arbitration provision or a contract in general."  Id. (quoting Harris, 183 F.3d at 181).  "The party challenging a contract provision as unconscionable generally bears the burden of proving unconscionability."  Harris, 183 F.3d at 181.

### 1. Procedural Unconscionability

Procedural unconscionability refers to the process by which the parties entered into a contract. Id. Specifically, procedural unconscionability has been defined by the Pennsylvania Supreme Court as the "absence of meaningful choice on the part of one of the parties." Witmer v. Exxon Corp., 434 A.2d 1222, 1228 (Pa. 1981). Procedural unconscionability is generally found in contracts of adhesion, where the contract is "prepared by a party with excessive bargaining power and presented to the other party on a 'take it or leave it' basis." Ostroff, 433 F.Supp. 2d at 543 (quoting Parilla v. IAP Worldwide Servs., VI, Inc., 368 F.3d 269, 26 (3d Cir. 2004)). Nevertheless, not every form contract is a contract of adhesion. Delinger, Inc. v. Dendler, 608 A.2d 1061, 1067 (Pa. Super. Ct. 1992). "Whether a contract is, in fact, an adhesion contract must be determined on an individual basis, in light of the particular circumstances and parties involved." Id.

Plaintiff argues that his contract with ATTM was procedurally unconscionable because he did not have a meaningful choice in whether or not to accept the changes in the arbitration clause. (Pl.'s Response 7.) Plaintiff's argument is misplaced. "Procedural unconscionability pertains to the process by which an agreement is reached." Harris, 183 F.3d at 181 (emphasis added). Therefore, the inquiry into whether or not Plaintiff's Wireless Service Agreement was procedurally unconscionable must focus on Plaintiff's meaningful other choices at the time he entered into an agreement with ATTM, not when ATTM subsequently revised the agreement. Moreover, and perhaps more importantly, this argument is irrelevant. ATTM does not contest Plaintiff's argument that he is not bound by the revised agreements, and therefore

Plaintiff's alleged lack of meaningful choice with respect to the revised arbitration agreements has no bearing.

The only argument Plaintiff makes regarding an absence of meaningful choice at the time he entered his contract with ATTM is that the "seeming array of choices" of cellular service providers "is illusory." (Pl.'s Response 6 n.2.) Plaintiff points to the Apple iPhone as an example of a product only obtainable via ATTM cellular service. As ATTM notes, however, the Apple iPhone was not introduced until months after Plaintiff entered into an agreement with ATTM. (Def.'s Reply 5 n.3.) Plaintiff has not provided other support for his claim of an absence of meaningful choice. Therefore, there is no basis for finding that the arbitration agreement between Plaintiff and ATTM was procedurally unconscionable.

### 2. Substantive Unconscionability

Plaintiff also has failed to demonstrate substantive unconscionability. Substantive unconscionability exists when the terms of a contract or arbitration provision unreasonably favor the party with the greater bargaining power. Ostroff, 433 F.Supp.2d at 543. "Numerous factors may make an arbitration provision substantively unconscionable, including severe restrictions on discovery, high arbitration costs borne by one party, limitations on remedies, and curtailed judicial review." Id. (internal citations omitted).

In the present dispute, Plaintiff's only argument that the arbitration agreement is substantively unconscionable is that it contains a class action waiver. Two Pennsylvania Superior Court decisions have held that class waiver provisions in arbitration agreements are unconscionable. (See Thibodeau v. Comcast Corp., 912 A.2d 874 (Pa. Super. Ct., 2006); Lytle v. CitiFinancial Services, Inc., 810 A.2d 643 (Pa. Super. Ct., 2002). The Third Circuit, however,

8

recently rejected these decisions based on the FAA preempting the Pennsylvania Superior Courts' application of Pennsylvania state law. Gay v. CreditInform, 511 F.3d 369, 395 (3d Cir. 2007). "Because the unconscionability of the agreement must be examined in terms of whether the contract in general is unconscionable, not just the arbitration agreement/class action waiver, a party's reliance 'on the uniqueness of the arbitration provision in framing its unconscionability argument,' is insufficient to maintain a claim of unconscionability." Halprin v. Verizon Wireless Servs., Civ. A. No. 07-4015, 2008 WL 961239 (D.N.J., April 8, 2008) (quoting Gay, 511 F. 3d at 395). Given the facts presented here and the Third Circuit's decision in Gay, the Court finds no support for Plaintiff's argument that the agreement with ATTM was substantively unconscionable. Therefore, the Court finds it necessary to compel arbitration.

### C. Staying the Proceedings

As a final matter, upon an order compelling arbitration, Defendant asks the Court to dismiss the action. Plaintiff, on the other hand, requests a stay pending arbitration. While other courts allow for the dismissal of cases where all claims are arbitrable, the Third Circuit has held that the plain language of Section 3 of the FAA "affords a district court no discretion to dismiss a case where one of the parties applies for a stay pending arbitration." Lloyd v. Hovensa, LLC., 369 F.3d 263, 269 (3d Cir. 2004). In light of Plaintiff's request, the Court stays the current proceeding pending arbitration.

## IV.  CONCLUSION

For the reasons stated above, Defendant's Motion to Compel Arbitration is granted and the action is stayed pending arbitration. An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARC WEINSTEIN, an individual, on behalf of himself and all others similarly situated, | : : : : | CIVIL ACTION<br><br>NO.  07-2880 |
| Plaintiff, | : : | |
| v. | : : | |
| AT&T MOBILITY CORPORATION, | : : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 30th day of April, 2008, upon consideration of Defendant AT&T Mobility Corp.'s (ATTM) Motion to Compel Arbitration Pursuant to the Federal Arbitration Act (Docket No. 10), Plaintiff Weinstein's Response thereto (Docket No. 16), and Defendant ATTM's Reply (Docket No. 18), it is hereby **ORDERED** that Defendant's Motion to Compel Arbitration is **GRANTED** and the action is **STAYED** pending arbitration.

BY THE COURT:


*s/ Ronald L. Buckwalter,*
RONALD L. BUCKWALTER, S.J.